IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:14cr20-RH/CJK
    5:16cv16-RH/CJK

TAVARES LEMOND GAINER,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

The defendant Tavares Lemond Gainer has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 52. No objections have been filed. This order accepts the report and recommendation and adopts it as the court's opinion.

The only issue that warrants further discussion is the claim that Mr. Gainer's attorney rendered ineffective assistance by failing to call specific witnesses at the sentencing hearing. As the report and recommendation correctly notes, Mr. Gainer has not tendered declarations from those witnesses. The record—apart from Mr. Gainer's unsupported assertions—provides substantial ground to doubt Mr.

Gainer's current assertion about what the witnesses would say if called to testify. Mr. Gainer's unsupported assertions do not entitle him to relief or even to an evidentiary hearing.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

SO ORDERED on October 14, 2018.

s/Robert L. Hinkle  
United States District Judge